**NOT FOR PUBLICATION**

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABBA BAIL BONDS, INC., a California Corporation,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>JEFF L. GRUBBE, Acting Tribal Council Chairman, Agua Caliente Band of Chauilla Indians; et al.,<br><br>       Defendants - Appellees. | No. 13-56701<br><br>D.C. No. 2:12-cv-06593-TJH-DTB<br><br>MEMORANDUM[*] |
| RICHARD S HELD RETIREMENT TRUST,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>JEFF L. GRUBBE, Tribal Council Chairman, Agua Caliente Band of Cahuilla Indians; et al.,<br><br>       Defendants - Appellees,<br><br>  And | No. 14-56760<br><br>D.C. No. 5:14-cv-00257-TJH-DTB |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CLIFFORD WILSON MATHEWS, AKA
Clifford Wilson Matthews,

Defendant.

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted March 8, 2016[**]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

ABBA Bail Bonds, Inc. and Richard S. Held Retirement Trust appeal from

the district court's dismissal of their suits against named officials of the Agua

Caliente Band of Cahuilla Indians, a federally recognized Indian tribe. The district

court determined it did not have subject matter jurisdiction over either action. We

affirm the dismissal for lack of jurisdiction.

Both appellants obtained money judgments against a member of the Tribe in

California Superior Court. The state court also issued corresponding assignment

orders requiring the Tribe to make payments to appellants from the individual

member's "regular periodic monthly payments" from the Tribe to satisfy the

_____

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

respective judgments. Though the tribal officials had the power to authorize such payments, they refused to do so on the basis that sovereign immunity barred enforcement of the assignment orders. Appellants brought the instant actions in federal district court, effectively to enforce those same state court assignment orders.

Appellants have failed to establish that the district court has subject matter jurisdiction under 28 U.S.C. § 1331, which provides that federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007) ("To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction."). "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "The fact that the defendant is a Native sovereign is not, by itself, sufficient to raise a federal question." *Id.* (citing *Gila River Indian Cmty. v.*

3

*Henningson, Durham & Richardson*, 626 F.2d 708, 714 (9th Cir.1980)).

Appellants have not established federal question jurisdiction under either prong of the *Franchise Tax Board* test.

First, appellants did not bring suit under a federal cause of action. Their asserted basis for federal jurisdiction, 28 U.S.C. § 1360, neither confers jurisdiction on federal courts nor provides a private right of action. To the contrary, § 1360 grants California state courts jurisdiction over "civil causes of action between Indians or to which Indians are parties" which arise in Indian country within California, "to the same extent that [California] has jurisdiction over other civil causes of action." § 1360(a). While § 1360(b) limits this jurisdiction, in that it provides that a state court may not "authorize the alienation . . . of any . . . property . . . belonging to any Indian or any Indian tribe . . . that is held in trust by the United States," this section does not confer jurisdiction on federal courts. *See K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1028 (9th Cir. 2011) ("The district court correctly concluded that § 1360(b) limits the exercise of state jurisdiction; it does not confer jurisdiction on federal courts."); *see also Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010) ("A plaintiff may only bring a cause of action to enforce a federal law if the law provides a private right of action."). Nor have appellants

demonstrated that Congress intended § 1360 to imply a federal cause of action. *See Nisqually Indian Tribe*, 623 F.3d at 929 ("[A]n implied right of action is only authorized when there is clear evidence Congress intended such a right to be part of the statute.").

Second, appellants do not assert a right to relief under a non-federal claim that "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 28. Federal law is relevant to appellants' state-law claims only to the extent that appellees assert sovereign immunity as a defense to enforcement of the state-court judgment. This does not provide a basis for federal jurisdiction under the well-pleaded complaint rule, as "[f]ederal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp.*, 653 F.3d at 1029; *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1386 (9th Cir. 1988) (finding no subject matter jurisdiction because "[f]ederal questions, *e.g.,* whether the Band is immune from a state tax levy under the federal common law doctrine of tribal sovereign immunity, would be injected into the Board's state-law action only by way of defense").

**AFFIRMED.**